**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FIRST NATIONAL BANK OF
DAVIS, OKLAHOMA,

      Plaintiff-Appellant,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

      Defendant-Appellee.

No. 10-6132
(D.C. No. 5:09-CV-00546-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

---

Plaintiff First National Bank of Davis, Oklahoma ("the Bank"), appeals

from the district court's order denying its motion for summary judgment and

granting summary judgment to defendant Progressive Casualty Insurance

Company ("Progressive") on the Bank's claim for breach of the terms of a

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

standard form Financial Institution Bond and for breach of the duty of good faith and fair dealing.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The Bank alleged the following facts.  It extended credit to a customer in the amount of $241,020, and the loan was secured by a Corporate Guaranty in the amount of $240,000.  After the customer defaulted, the Corporate Guaranty also failed.  The Bank obtained a judgment against the issuer of the Corporate Guaranty, but it was uncollectible.  The Bank then sought recovery from Progressive under its Financial Institution Bond, asserting that Insuring Agreement (E)(1) protected it from a loss resulting from having extended credit based on its good faith reliance on a Corporate Guaranty.  Progressive refused to pay based on the qualifying language following (E)(1)(i), which, Progressive asserted, applies to all of Insuring Agreement (E)(1) and limits recovery under Insuring Agreement (E)(1) to documents that contained a forged signature, that were altered, or that were lost or stolen.

The bond begins with this introductory sentence:  "The Underwriter . . . agrees to indemnify the Insured for:[,]" and then proceeds to set out Insuring Agreements (A) through (F).  Aplt. Amended App., Vol. I at 310-13.

Insuring Agreement (E)(1) states as follows:

SECURITIES

    (E)    Loss resulting directly from the Insured having, in good faith, for its own account or for the account of others,

(1)     acquired, sold or delivered, or given value, extended credit or assumed liability, on the faith of, any original

      (a)     Certificated Security,

      (b)     Document of Title,

      (c)     deed, mortgage or other instrument conveying title to, or creating or discharging a lien upon, real property,

      (d)     Certificate of Origin or Title,

      (e)     Evidence of Debt,

      (f)     corporate, partnership or personal Guarantee,

      (g)     Security Agreement,

      (h)     Instruction to a Federal Reserve Bank of the United States, or

      (i)     Statement of Uncertificated Security of any Federal Reserve Bank of the United States

which

            (i)     bears a signature of any maker, drawer, issuer, endorser, assignor, lessee, transfer agent, registrar, acceptor, surety, guarantor, or of any person signing in any other capacity which is a Forgery, or

            (ii)     is altered, or

(iii)    is lost or stolen[.]

*Id.* at 312.

The Bank sued Progressive for breach of the Financial Institution Bond and for breach of the duty of good faith and fair dealing.  On cross-motions for summary judgment, the district court granted summary judgment in favor of Progressive, explaining its reasoning in a sixteen-page order.  The court reviewed the entire bond, "[c]oncluding that this action amounts to an untenable attempt by plaintiff to convert the Financial Institution Bond in question into a financial guaranty (which it clearly is not)[.]"  *Id.*, Vol. II at 528-29.

The Bank appeals, arguing that:  (1) the clear and plain language of the bond provides coverage for the Bank's loss resulting directly from the Bank having in good faith extended credit on the faith of an original Corporate Guaranty; and (2) if this Court finds that the clear and plain language of the bond does not provide coverage for the Bank's loss as a result of the Corporate Guaranty's failure to pay, then it is evident that the bond's language is ambiguous and subject to more than one interpretation and should be construed against Progressive.

"We review a grant of summary judgment de novo and apply the same legal standard as the district court."  *United States v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir. 2002) (quotation omitted).  Summary judgment is proper "if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (setting out the legal standard formerly found in Rule 56(c), as revised effective December 1, 2010). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Botefuhr*, 309 F.3d at 1270 (quotation omitted).

The Bank points to this language from the beginning of the bond and Insuring Agreement (E)(1): "The Underwriter . . . agrees to indemnify the Insured for: . . . (E) Loss resulting directly from the Insured having, in good faith, for its own account, . . . (1) . . . extended credit . . . on the faith of, any original . . . (f) corporate . . . Guarantee . . . [or] (g) Security Agreement[.]" Aplt. Amended App., Vol. I at 310, 312. The Bank contends that the qualifying language upon which Progressive relies applies only to paragraph (E)(1)(i). The parties' dispute thus revolves around the punctuation and placement on the page of the subparagraphs containing the qualifying language following (E)(1)(i). *See id.* at 312.

We have carefully reviewed the parties' arguments and the record on appeal in light of the governing law. We conclude that the trial court was correct in holding that Insuring Agreement (E)(1) unambiguously insured the Bank against an instrument that contained a forged signature or that was altered, lost, or stolen, and did not insure the Bank against non-payment.

The Bank raises only one argument that the district court did not address—that it makes no sense for the bond to include an Insuring Agreement (E) on forgeries and alterations when there is already an Insuring Agreement (D) on forgeries and alterations. *See* Aplt. Opening Br. at 10-11; Aplt. Amended App., Vol. I at 311-12. The answer from the plain language of the bond is that Insuring Agreement (D) and Insuring Agreement (E) cover different types of forgeries and alterations. The Exclusions section of the bond also plainly indicates that forgeries and alterations may be "covered under Insuring Agreements (A), (D), (E) or (F)[.]" *See id.* at 318. Under Oklahoma law, language in a contract is ambiguous when it is "susceptible to two constructions[,]" without force or strain. *See Max True Plastering Co. v. U.S. Fid. & Guar. Co.*, 912 P.2d 861, 869 (Okla. 1996) (interpreting insurance contract).

In our view, the presence of Insuring Agreement (D) does not create an ambiguity in the language of Insuring Agreement (E). We conclude that there is no merit to the Bank's argument that Insuring Agreement (E)(1) is ambiguous, and we affirm for substantially the same reasons set forth by the district court in its thorough and well-reasoned May 5, 2010, order granting summary judgment to Progressive.

AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge